Vincenzo Salafia
et ux.
vs.                    Eq.No.7897
Broadway Building Co.,
et als.

October 22, 1926

BAKER, J.    Heard on bill, answer and proof.

In this case the complainants are asking the Court to determine the true and correct amounts due on two certain mortgages in order that they may redeem, and, as incidental relief thereto, are also praying that the respondents account to them and for an injunction restraining the foreclosure of one of the mortgages in question.

The respondents are willing to account to the complainants for moneys received and have filed such an account. The complainants contend, however, that the account is not complete.

In August, 1922, the respondent, the Broadway Building Company conveyed to the complainants the parcel of land involved in this proceeding. The latter executed two mortgages, a first mortgage of $4000 to the Broadway Building Company. and a second mortgage of $1200 to Marianna Annotti, wife of the respondent Domenic Annotti, who is the general manager and principal officer of the Broadway Building Company. Both of these mortgages have since by assignment come into the possession of the respondent Domenic Annotti.

It is undisputed that the complainants have never paid any interest on these mortgages, nor the taxes on the property in question, nor the insurance on the buildings thereon. The respondents are now seeking to foreclose the second mortgage.

The complainants were never in possession of the property in question. It has always been managed and handled by one or more of the respondents.

The testimony shows that for a time after the conveyance to the complainants, the property was leased under a written lease and the rent accruing therefrom was collected by the respondents. For all such rent collected they have accounted and have applied the same to the interest on the first mortgage and to taxes, insurance and water bills.

The testimony further shows that from June 1, 1924, to March 31, 1926, no rent of any kind has been collected for the use and occupation of the premises in question. The testimony also discloses that a dispute arose between the parties to this bill as to who was the actual and true owner of the property in question and legal proceedings were brought to determine that fact, it finally being decided by decree entered in March, 1926, that the complainants were the owners of the property. While this dispute was in process and after the first tenant had vacated the property, the respondents placed on the premises a Mr. Spinelli, who has since been in occupation and who had paid no rent to any one. It would seem clear that since the date of the entry of the decree in question the complainants are the proper parties to proceed against Mr. Spinelli for whatever may be due since that date. They claim, however, in this proceeding that respondents should account for the period from June 1, 1924, to March 31, 1926, even though they actually received no income or rent from the premises.

The preponderance of the evidence, the Court feels, tends to show that Mr. Spinelli was placed on the property by the respondents, they then claiming and believing that they were the actual owners, as a prospective purchaser of the property for the sum of $6500, the understanding apparently being that if the respondents were successful in proving their ownership, then the property would be conveyed

to Mr. Spinelli, but if the complainants were successful, then other arrangements would have to be made regarding the situation.

The complainants' contention is that the respondents are in effect in the position of a mortgagee in possession of the mortgaged premises and therefore liable to account to the former. The law regarding such a situation seems clear. Apparently a mortgagee in possession in an accounting with the mortgagor should be charged with the amount of rent which he has actually received or which he might have received with the exercise of reasonable care and diligence, and if he has failed to collect because of fraud wilful mismanagement or negligence then the mortgagor is nevertheless entitled to hold him to an accounting. The mortgagee in possession holds the property and takes the rents and profits in a quasi character of trustee or bailiff of the mortgagor.

Chapman vs. Cooney, 25 R. I. 657.

Hall vs. Westcott, 17 R. I. 504.

Jones on Mortgages, 7th ed. Vol. 2, Ss. 1114 and 1115.

If the testimony established the above situation in the case at bar, it appears to the Court that the complainants should prevail. If under all the circumstances Mr. Spinelli could properly be considered a tenant on the premises and the respondents as mortgagees in possession, then the Court would be inclined to hold that the respondents here were guilty of negligence in the management of the property in permitting Mr. Spinelli to remain there for about a year and a half without collecting rent and without making any attempt to eject him from the premises.

A careful examination of the evidence, however, leads the Court to believe that Mr. Spinelli did not go onto the premises in the strict character of a tenant but rather in that of a prospective purchaser and, further, that under all the circumstances, a bona fide dispute as to the ownership of the property between the parties then existing, it cannot be said that the respondents were in the position of mortgagees in possession of the mortgaged premises, recognizing the relationship of mortgagor and mortgagee as then existing.

In this connection the Court is not taking into consideration any claim the respondents might make in regard to the proper parties respondent in this proceeding, particularly as to which respondent was in actual possession of the premises in question, and as to which respondent is entitled to foreclose the mortgage, because of the community of interest and close relationship of the various respondents.

If the Court is correct in its finding that the respondents after the dispute as to the ownership of the property arose, did not occupy as mortgagees in possession, then an entirely different rule of law applies as to the matter of accounting.

It is well settled that if a mortgagee takes mortgaged property in another character and more particularly in a character adverse to the rights of the mortgagor, then he clearly is not obliged to account to the mortgagor for the rents and income not actually received. This principle has been recognized in this State.

Hall vs. Westcott, supra.

See also:,

Cyc., Vol. 27, page 1839.

Jones on Mortgages, 7th ed., Vol. 2, Sec. 1123a.

The Court is of the opinion that the testimony here shows this to be the situation. It is, of course, not being determined herein what rights, if any, the complainants may have against Mr. Spinelli for use and occupation of the premises. The chief question before the Court now is in regard to the matter of the accounting.

After a careful consideration of the evidence and the law, the Court finds

that the respondents are not obliged to account to the complainants for the period from June 1, 1924, to March 31, 1926, for the reasons above stated.

No very serious question is raised by the complainants as to the accounts as filed by the respondents. There are two items, however, on said accounts which the Court believes should not be allowed, namely, the item of $10, master's fee, and the item of $85.50, a charge for managing and caring for the property and for collecting the rents. Striking these from the accounts, the Court finds that the proper amounts due under the mortgages are as follows:

On the first mortgage, $4574.84; on the second mortgage, $1658.85; and $9.45 for advertising on foreclosure proceedings, making a total of $6243.14.

The Court also finds that no further accounting between the parties is necessary and that both this prayer and the prayer of the bill for an injunction preventing the foreclosure of the second mortgage should be denied. In the judgment of the Court the above findings sufficiently answer the issues of fact as filed.

For complainant:    Max Winograd.
For respondents:  Frank Rivelli.